# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Dennis Castro, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:15-cv-559 |
| Lloyd & McDaniel, PLC, a Kentucky limited liability company, and PCA Acquisitions V, LLC, a Delaware limited liability company, | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT – CLASS ACTION

Plaintiff, Dennis Castro, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Dennis Castro ("Castro"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was owed for a credit card account.

4. Defendant, Lloyd & McDaniel, PLC ("L&M"), is a Kentucky limited liability company, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant L&M operates a delinquent debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant L&M was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, PCA Acquisitions, V, LLC ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant PCA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant PCA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant PCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant L&M.

**FACTUAL ALLEGATIONS**

7. Mr. Castro fell behind on paying his bills, including a debt he allegedly owed for a credit card account. Plaintiff is informed and believes, through counsel, that at some point in time after that debt became delinquent, it was allegedly acquired by PCA, who began trying to collect it by having Defendant L&M send Mr. Castro a

collection letter dated September 19, 2014, which stated:

> Re: **OurFile No. Cxxxxxx/Dxx**
> PCA Acquisitions V, LLC
> Original Creditor: Synchrony Bank
> fka GE Cap/Dick's Sporting Goods
> Dennis Castro
> $1,691.29

Defendants' letter further stated "We have been retained by PCA Acquisitions V, LLC to collect the above amount owed on your Synchrony Bank fka GE Cap/Dick's Sporting Goods account". A copy of this letter is attached as Exhibit A.

8. Defendants' letter failed to explain what the relationship or difference was between PCA Acquisitions V, LLC and the "Original Creditor Synchrony Bank fka GE Cap/Dick's Sporting Goods", or even who PCA was.

9. A simple statement that "PCA Acquisitions V, LLC had bought the debt", or that PCA was the "current creditor", or that the debt was owed to PCA, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

10. Defendants' letter additionally stated:

> Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.

See, Exhibit A. The quoted language is from a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, 214 F.3d 872 (7th Cir. 2000) for the collection of a home mortgage where such charges are frequently applicable. This language is only appropriate if interest and charges are continuing to accrue on an account.

11. In fact, as a matter of policy, the original creditor ceased charging interest and other charges after the account became delinquent. Moreover, Defendant PCA was not charging interest or other charges.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Castro with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16. Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify effectively that Defendant PCA was the current creditor to whom the debt was owed, see, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2001); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

17. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**False, Deceptive Or Misleading Statements**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any

false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

20. Defendants, by stating, in their September 19, 2014 collection letter (Exhibit A), that "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater", when, in fact, the debt was not accruing any interest or charges, made a false statement, in violation of § 1692e of the FDCPA, see, Lox v. CDA, 689 F.3d 818 (7th Cir. 2012).

21. This is a materially false statement that would lead any consumer to believe that they had to pay right away to avoid having the amount of the debt increase.

22. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

23. Plaintiff, Dennis Castro, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendants L&M and PCA regularly engage in debt collection, using the same form collection letter they sent Plaintiff Castro, in their attempts to collect delinquent consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendants L&M and PCA attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Castro.

26. Plaintiff Castro's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff Castro will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Castro has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Dennis Castro, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Castro as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Castro and the Class, and against Defendants L&M and PCA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dennis Castro, individually and on behalf of all others similarly situated, demands trial by jury.

Dennis Castro, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 8, 2015

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com