**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Dennis Castro, individually and on behalf of all others similarly situated, Plaintiff, | ) | |
| v. | ) | No. 1:15-cv-559-TWP-DML |
| Lloyd & McDaniel, PLC, a Kentucky limited liability company, and PCA Acquisitions V, LLC, a Delaware limited liability company, Defendants. | ) | |

**CLASS COUNSEL'S PETITION FOR PAYMENT OF ATTORNEY'S FEES AND EXPENSES**

Philipps & Philipps, Ltd., counsel for the Plaintiff in the above-referenced matter, by counsel, states the following in support of its petition:

1. On November 17, 2015 the Court entered an order preliminarily approving a class action settlement and certifying the class which order allowed this matter to move forward as a class action under F.R.C.P. 23.

2. On February 26, 2016, the Court entered a final order approving the settlement reached between the Defendants and the Class (the "Settlement").

3. The Settlement recognized the right of Philipps & Philipps, Ltd. (the "Class Counsel") to be compensated for its efforts in pursuing this case, but left the amount of the fees and expenses award to be decided by this Court.

4. The Settlement requires the Defendants to pay maximum statutory damages to the Class as well as alter its business practices. Its terms were both approved by the Court and incorporated into an order entered by the Court.

5. In the court approved Settlement, Class Counsel has materially altered the legal relationship between the parties; therefore, the Plaintiffs are "prevailing parties" and

are entitled to an award of fees pursuant to 16 U.S.C. §1692k (a)(3).

6. The Settlement Agreement and the order approving the settlement also contemplates an award of fees under 16 U.S.C. §1692k (a)(3).

7. The Declaration of David J. Philipps (the "Philipps Declaration') is attached and made a part of this Petition as Exhibit A.

8. The detailed time statement and expense statement referenced in the Philipps Declaration is also attached and made a part of this Petition as Exhibit B.

9. Class Counsel's usual and customary hourly rates are: $575 per hour for David J. Philipps, $565 per hour for Mary E. Philipps, $275 per hour for Angie K. Robertson's, work and $185 per hour for paralegals' work.

10. These rates are customary and reasonable in this jurisdiction for an attorney of Mr. Philipps' education and experience in class actions generally and particularly in Fair Debt Collection Practices Act cases.

11. Mr. Philipps has 29 years of experience and is admitted to practice in state and federal courts in Illinois and in federal courts in Indiana.

12. He earned his law degree from the University of Illinois in 1987. Illinois was generally regarded as one of the top 20 public law schools in the country in 1987. He served as law clerk to Justice Benjamin K. Miller of the Illinois Supreme Court immediately after law school.

13. Mr. Philipps is a nationally recognized expert on the FDCPA. He has been a featured speaker on the topic at numerous programs which are listed in more detail in his declaration. His audiences have included consumer advocates, regulators and even defense lawyer organizations.

14. Mr. Philipps is a founding member of the National Association of Consumer Advocates (1995). He was its Illinois Chair from 2008 to 2013 and was elected to its Board of Directors in 2013. He was honored at the Advocates' 2011 Annual Meeting, Media & Trial Advocacy Award in Chicago. He served as chair of the Host Committee for the National Consumer Law Center's 20th Annual Consumer Rights Litigation Conference in 2011.

15. In 2014, Mr. Philipps was honored with an Award for Excellence in Pro Bono Service by the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association. In 1998, he was honored by the Chicago Bar Association for *pro bono* legal service by the Chicago Volunteer Legal Services Foundation for his work to protect consumers and by the Chicago Legal Clinic for outstanding efforts to make the legal system accessible to the poor in 1996.

16. Mr. Philipps has been a member of the Chicago Bar Association's Class Litigation Committee since 1988 and served as the committee's recent developments coordinator and legislative liaison from 1992-95.

17. Mr. Philipps and his law firm have successfully litigated numerous class action matters including those based upon consumer protection statutes such as the FDCPA.

18. Mr. Philipps has been appointed class counsel after contested certification proceedings in 29 matters. A complete list is included in the Philipps Declaration.

19. Mr. Philipps has also been appointed class counsel for settlement purposes in 191 matters. A complete list is included in the Philipps Declaration.

20. Philipps & Philipps, Ltd. currently has two other attorneys who contributed to this case. Partner Mary E. Philipps is a 1987 graduate of the University of Illinois College of Law and earned an LLM from the Universität Bielefeld in Germany. Angie K. Robertson is a 2010 graduate of Loyola University/Chicago School of Law.

21. The FDCPA provides for attorney fees awards to enable plaintiffs to obtain legal representation from private lawyers. This provision allows for the Act to be effective without taxpayer expense for public enforcement agents and attorneys.

22. Maximum statutory damages under the FDCPA are modest; consequently, plaintiffs' fees and expenses incurred in enforcement are generally higher than compensation to victims. Courts have held consideration of the disparity between a damage award and the fees requested to be reversible error. *Washington v. Philadelphia Court of Common Pleas,* 89 F.3d 1031 (3rd Cir. 1996).

23. Congress created the fee reversal statute to encourage private enforcement of the Act. Given the $1,000 presumptive damages cap on individual claims and 1% of net worth cap on class action claims, no plaintiff could possibly afford bringing an action while paying his or her counsel on an hourly basis and no attorney could reasonably be expected to bring an action on a contingency fee basis. The ability to recover fees at market rates is the key to the effectiveness of the statute. Courts interpreting the FDCPA have often referenced the provision as creating "private attorneys general" to ensure that the Act is enforced.

24. Plaintiff's counsel's (then-current) rates have been found to be fair and reasonable by Courts in this District, most recently by Judge Barker in *Wood v. State Collection Service*, No. 1:15-cv-0475-SEB-DKL, by Judge McKinney in *Paulus v. Pride*

*Acquisitions, et al.,* No. 1:12-cv-1433-LJM-MJD, and by this Court in *Baker v. Nations Recovery Center,* 1:13-cv-0071-TWP-DML.

25. Class Counsel's reputation, skill and experience are on the high end of litigation attorneys in the Midwest.

26. As demonstrated by the affidavit of Irwin B. Levin (who is a prominent and nationally recognized Indianapolis class action lawyer) and the declarations of Keith Keogh and Daniel Edelman (who are nationally recognized consumer rights lawyers based in Chicago) both the rates and the time requested by Class Counsel are reasonable. *See* ¶ 24 of the Affidavit of Irwin B. Levin; ¶¶ 39, 42-43 of the Declaration of Keith J. Keogh; ¶ 20 of the Declaration of Daniel A. Edelman. The Levin Affidavit, Keogh Declaration and Edelman Declaration are attached and made a part of this Petition as Exhibits C, D and E, respectively.

27. Class Counsel has hired Samuel Hodson, Tracy Betz and the firm of Taft Stettinius and Hollister as counsel for the purpose of preparing this Petition and supporting memorandum and presenting arguments to this Court. Vitae for Mr. Hodson and Ms. Betz are attached as Exhibits F and G. A detailed billing statement setting forth the rates and hours expended by Taft in this matter is attached as Exhibit 2 to the Affidavit of Samuel Hodson which is attached and made a part of this Petition as Exhibit H.

28. Preparation and presentation of fee applications are necessary parts of class action litigation and are particularly important in FDCPA claims. The FDCPA allows for recovery of time and expenses dedicated to fee applications.

29. Irwin Levin has reviewed the Taft Statement and has found both the Taft hours and Taft rates to be reasonable. *See* Exhibit C, Affidavit of Irwin B. Levin, ¶ 24.

Wherefore, Class Counsel respectfully requests that the Court award $72,302.50 in fees and $3,104.96 in expenses to Philipps and Philipps, Ltd. and $6,686.50 in fees to Taft, Stettinius and Hollister, LLP.

Dated: March 10, 2016

Respectfully submitted,

*/s/Tracy Betz*

Samuel D. Hodson, 10842-41
Tracy Betz, 24800-54
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Phone: (317) 713-3500
Fax: (317) 713-3699
Email: shodson@taftlaw.com
Email: tbetz@taftlaw.com
*Attorneys for Philipps & Philipps, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on March 10, 2016. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Tracy N. Betz*
Tracy N. Betz

15554494.4